## A. P. MASON ET AL. *v.* S. E. MARTIN ET AL.

CHANCERY PRACTICE. *Sale of land. Resold for inadequacy of price. Act of February 28, 1884.*

"An Act in relation to the confirmation of sales under decrees in chancery," approved February 28, 1884, provides, "That the chancery court shall have power, in its discretion, to refuse confirmation of any sale made in pursuance of its decree, on the ground that the price bid is inadequate; provided, the party objecting to the confirmation shall enter into bond, with approved security, for the payment of all costs thereby accruing, and conditioned that the property at a resale shall bring an.advance of fifteen per cent. upon the former sale, exclusive of costs," etc. One who procures a resale under this statute thereby assures the court that the property at the resale shall bring the amount stipulated in the bond, renders himself amenable to the court as a bidder, and is to be treated as starting the bidding on resale at that sum for which the required bond is security. If there is no better bid this party is to become the purchaser and to be dealt with as such.

APPEAL from the Chancery Court of Amite County.

HON. LAUCH MCLAURIN, Chancellor.

A. P. Mason and R. G. W. Jewell filed their bill in the chancery court againt S. E. Martin and others, representatives and heirs of the estate of J. F. Martin, deceased. The Chancellor entered a final decree thereon ordering the sale of a certain tract of land containing four hundred and eighty acres. The land was sold under the decree on October 6, 1884, and was purchased by the wife of R. G. W. Jewell for forty-three dollars. When at the following term of court a motion was made for a confirmation of the sale the defendants objected because the land had not been properly advertised and because it was sold at a great sacrifice. On February 2, 1885, the land was again sold, and T. R. Stockdale became the purchaser for sixty-five dollars. The commissioner filed his report of the sale to Stockdale, and moved the court to confirm it. This motion was not then acted on. Whereupon the complainants moved the court to disallow the report of sale because of the inadequacy of price, and they filed a bond in accordance with the provisions of an act entitled, "An Act in relation to the confirmation of sales under decrees in chancery," approved Feb-

ruary 28, 1884, Acts of 1884, 71. The bond was for two hundred dollars, payable to the State, and its condition was as follows : " The condition of the above obligation is such that, if on a resale the said property shall bring an advance price of at least fifteen per cent. on the amount for which it was sold, exclusive of cost, and if the said Mason and Jewell shall pay the cost occasioned by the resale, then this obligation shall be null and void," etc. The land was again sold on July 6, 1885, and was bought in by R. G. W. Jewell for thirty-five dollars, and on July 13, 1885, the commissioner duly filed his report of the sale. On November 18, 1885, the chancery court ordered that the commissioner be given further time to make his report of the sale. At the May term, 1886, of the chancery court, T. R. Stockdale and the defendants appeared and moved the court to confirm the second sale of the land, which was made to him for sixty-five dollars. The complainants moved the court to confirm the last sale and "to credit the decree heretofore rendered with the amount of the sale, and in addition thereto the sum of two hundred dollars, the amount to cover the obligation of their bond in setting aside the sale made and reported at a former term of court." The Chancellor confirmed the sale made to Stockdale, and complainants, Mason and Jewell, appealed.

*W. P. Cassedy,* for the appellants.

The second sale was set aside for inadequacy of price, and a bond given under the Act of the Legislature of 1884, page 71. What was the purpose of this act? It was intended to protect the complainant and defendant—not for the benefit of the purchaser. It gives the chancery court power to order a resale for inadequacy by execution of the bond. The purchaser is not hurt by it. He got his money back. The defendants are benefited with the proposition of complainants to credit on the decree two hundred dollars and complainants have the costs to pay. The bond of complainants was to make the property bring fifteen per cent. in advance of the amount of second sale, which would have been only about seventy-five dollars, when the proposition was to give them credit for more than twice that amount. And the defendants are placed

in the attitude of resisting this motion and have only a credit of sixty-five dollars given them.

*Keilson & Stockdale,* for the appellees.

It was settled in this State that a sale would not be set aside for inadequacy of price merely until the statute of 1884 conferred upon the chancery courts the power to exercise discretion in that behalf upon condition that the applicant give bond to make it bring fifteen per cent. more and costs, which did nothing more than to restore the doctrine of reopening bids—repudiated in this country.

There was no compliance with the terms of the bond and no offer to do so. The thirty-five dollars at which Jewell purchased the land was paid, and no attempt made to comply with the terms of the bond or the representations upon which the court was induced to order a resale—not even an offer to pay the costs, but ask the court to credit two hundred dollars on the decree to lower the penalty of the bond, which was to pay costs, and to make the land bring fifteen per cent. advance.

CAMPBELL, J., delivered the opinion of the court.

One who procures a resale under " An Act in relation to the confirmation of sales under decrees in chancery," approved February 28, 1884, Acts, p. 71, thereby assures the court that the property at the resale shall bring the amount stipulated in the bond, renders himself amenable to the court as a bidder, and is to be treated as starting the bidding on resale at that sum, for all which the required bond is intended as a security. If there is not a better bid this party is to become the purchaser and to be dealt with as such. On the resale Mason & Jewell should have been treated as starting the bidding at an advance of fifteen *per cent.* on Stockdale's bid, and, if no better bid was made, they should have been declared the purchasers. It was error to confirm the sale to Stockdale. The land should be again sold as indicated by this opinion.

*Reversed and remanded for that purpose.*